UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNY PARTEE, | ) | |
| | ) | Case No. 19 CV 3689 |
| Plaintiff, | ) | |
| v. | ) | Judge Thomas Durkin |
| | ) | |
| | ) | Magistrate Judge Gabriel Fuentes |
| OFFICER KHALED HASAN #8454, | ) | |
| OFFICER NICU TOHATAN, #18703 | ) | |
| OFFICER RICARDO TORRES, #16756 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Defendants' Answer, Affirmative Defenses, and Jury Demand to Plaintiff's First Amended Complaint**

Defendants Khaled Hasan, Nicu Tohatan and Ricardo Torres (hereinafter "Defendants"), by and through one of their attorneys, Mark Haines, Assistant Corporation Counsel, submit their answer, affirmative defenses, and jury demand to Plaintiff's First Amended Complaint. In so answering, Defendants state:

**COUNT I - FALSE ARREST**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, KENNY PARTEE, accomplished by acts and/or omissions of the Defendants, OFFICER KHALED HASAN #8454, OFFICER NICU TOHATAN #18703, OFFICER RICARDO TORRES #16756, committed under color of law.

**ANSWER**: Defendants admit that action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, and admit they were acting under color of law, but deny the remaining allegations set forth in this paragraph.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

1

**ANSWER**: Defendants admit that jurisdiction is proper.

3. The Plaintiff, KENNY PARTEE, was at all relevant times, a United States citizen and a resident of the State of Illinois.

**ANSWER**: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegation set forth in this paragraph.

4. At all relevant times, the Defendants, OFFICER KHALED HASAN #8454, OFFICER NICU TOHATAN #18703, OFFICER RICARDO TORRES #16756, were duly appointed Chicago Police Officers acting within their scope of employment and under color of law.

**ANSWER**: Defendants admit the allegations set forth in this paragraph.

5. On or about August 27, 2018, the Plaintiff, KENNY PARTEE was driving in the vicinity of Chicago Avenue and St. Louis Avenue in Chicago, Illinois.

**ANSWER**: Defendants admit the allegation set forth in this paragraph.

6. The Defendants pulled up him over, detained him and started to question the Plaintiff.

**ANSWER**: Defendants admit the allegation set forth in this paragraph.

7. The Plaintiff was not committing a crime or breaking any laws.

**ANSWER**: Defendants deny the allegation set forth in this paragraph.

8. The Defendants took him out of his car and handcuffed him.

**ANSWER**: Defendants admit the allegation set forth in this paragraph.

9. After the Defendants handcuffed the Plaintiff, they searched his car.

**ANSWER**: Defendants admit the allegation set forth in this paragraph.

10. The Defendants then told the Plaintiff they had a deal for him; get them a gun within (2) hours or he would be in trouble.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

11. The Plaintiff was not in possession of a gun.

**ANSWER**: Defendants admit the allegation set forth in this paragraph.

12. The Defendants then released the Plaintiff after approximately (45) minutes.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

13. After a couple hours, one or more of the Defendants started calling the Plaintiff demanding him to get them a gun.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

14. At all relevant times, the Defendants, OFFICER KHALED HASAN #8454, OFFICER NICU TOHATAN #18703, OFFICER RICARDO TORRES #16756, were acting pursuant to the customs and policies of the Chicago Police Department.

**ANSWER**: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegation set forth in this paragraph.

15. The actions of the Defendants, OFFICER KHALED HASAN #8454, OFFICER NICU TOHATAN #18703, OFFICER RICARDO TORRES #16756, were intentional, willful and with malice.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

16. Said actions of the Defendants, OFFICER KHALED HASAN #8454, OFFICER NICU TOHATAN #18703, OFFICER RICARDO TORRES #16756, violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

17. As a direct and proximate consequence of said conduct of the Defendants, OFFICER KHALED HASAN #8454, OFFICER NICU TOHATAN #18703, OFFICER RICARDO TORRES #16756, the Plaintiff, KENNY PARTEE, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

## COUNT II – UNLAWFUL SEARCH

1-15. The Plaintiff, KENNY PARTEE, hereby realleges and incorporates his allegations in paragraphs 1-15 of Count I as his respective allegations of paragraphs 1-15 of Count II as though fully set forth herein.

**ANSWER**: Defendants re-allege and incorporate their answers to paragraphs 1-15 as fully stated herein.

16. The Defendants did not have a warrant or exigent circumstances to go into private property and search the Plaintiff's vehicle.

**ANSWER**: Defendants admit the allegations set forth in this paragraph.

17. The actions of the Defendants constitute an unlawful/illegal search.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

18. At all relevant times, the Defendants were acting pursuant to the customs, practices and policies of the Chicago Police Department.

**ANSWER**: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegation set forth in this paragraph.

19. The actions of the Defendants were intentional, willful and wanton.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

20. Said actions of the Defendants, OFFICER KHALED HASAN #8454, OFFICER NICU TOHATAN #18703, OFFICER RICARDO TORRES #16756, violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

21. As a direct and proximate consequence of said conduct of the Defendants, OFFICER KHALED HASAN #8454, OFFICER NICU TOHATAN #18703, OFFICER RICARDO TORRES #16756, the Plaintiff, KENNY PARTEE, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

WHEREFORE, Defendants pray this Honorable Court enter judgment in their favor and against Plaintiff on all counts of Plaintiff's Complaint, grant Defendants costs and fees, and grant any such further relief that this court deems just.

**AFFIRMATIVE DEFENSES**

1. Defendants are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiffs' Second Amended Complaint, a reasonable police officer, objectively viewing the facts and circumstances that confronted said Individual Defendants, could have believed his or her actions to be lawful, in light of clearly established law and the information that said Individual Defendants possessed. Individual Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in the case.

3. Defendants cannot be held liable for Plaintiffs' 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4. Defendants are not liable for acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202. Willful and wanton conduct is "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety or others or their property." 745 ILCS 10/1-210. Thus, because Individual Defendants were acting in the execution and enforcement of the law and

because their alleged acts or omissions did not constitute willful or wanton conduct, they cannot be held liable.

## JURY DEMAND

Defendants request a trial by jury for all issues so triable.

Respectfully submitted,

/s/ *Mark Haines*
Mark Haines
Assistant Corporation Counsel
City of Chicago Law Department
30 North LaSalle Street, Suite 900
Chicago, IL 60602
(312) 742-3982 (Phone)
(312) 744-6566 (Fax)
Attorney No. 6287914

Maria Magginas, Assistant Corporation Counsel
Jason Marx, Assistant Corporation Counsel-Supervisor

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNY PARTEE, | ) | |
| | ) | Case No. 19 CV 3689 |
| Plaintiff, | ) | |
| v. | ) | Judge Durkin |
| | ) | |
| | ) | Magistrate Judge Fuentes |
| OFFICER KHALED HASAN #8454, | ) | |
| OFFICER NICU TOHATAN, #18703 | ) | |
| OFFICER RICARDO TORRES, #16756 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Gregory E. Kulis
Brian Orozco
Monica Ghosh
Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830

  **PLEASE TAKE NOTICE** that on August 30, 2019, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, a copy of which is herewith served upon you.

  I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown on August 30, 2019.

        /s/Mark Haines
        Mark Haines
        Assistant Corporation Counsel